IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA MOORE  :
:
v. : CIVIL NO. CCB-09-223
:
KATHLEEN SEBELIUS :
SECRETARY, DHHS :
...o0o...

## MEMORANDUM

Now pending is the plaintiff's motion for award of reasonable attorneys' fees and costs incurred from January 21, 2009 through August 11, 2009, when the government filed an offer of judgment under Federal Rule of Civil Procedure 68 for $65,000, plus awardable costs and fees. I have reviewed the record and the applicable law and have considered the twelve factors adopted by the Fourth Circuit. *See, e.g., Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998).[1] For the reasons explained below, and noting that the "most critical factor" is the "degree of success obtained", *id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)), I will award $22,110 in attorneys' fees and $3,632.85 in costs.

Regarding the reasonable hours expended and the hourly rate, plaintiff's counsel Ilona McClintick claims a total of 109.59 hours through August 11, 2009 and 11 hours for the motion for fees, with 10 hours claimed at a "clerical rate" of $95. The government suggests both the hours and the hourly rate are excessive.

---

[1] The twelve factors are: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Brodziak*, 145 F.3d at 196 (internal quotation marks and citation omitted).

As to the hours expended, the government specifically points to the time spent in setting up the file (2.75 hours); in preparation for the plaintiff's deposition (8.50 hours); and in reviewing documents produced by the defendants (28 hours). As described by Ms. McClintick, file set-up is not a "five-minute" task. Accordingly, 2 hours will be allowed, at a clerical rate. The preparation time for the plaintiff's deposition, which included both 3.75 hours of expert consultation and document and file review by counsel and 4.75 hours with the plaintiff personally, is reasonable given the importance of the deposition and the issues (including the effect of various medical conditions) for which counsel needed to prepare. The fact that government counsel may have spent somewhat less time taking the deposition is not dispositive. Overall, document review does appear to have taken somewhat more time than reasonable; combined with a reduction for file set-up, the claimed hours of 109.59 will be reduced to 100 for the time spent through August 11, 2009.

As to the fee petition, it was necessitated by the government's objection to the initial amount claimed, and, as plaintiff's counsel was correct in the majority of her claims and the time spent was not unreasonable, 8 hours will be awarded for a total of 108. *See Xiao-Yu Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 769-70 (D. Md. 2001). Of the 108 hours, 9.25 are for the clerical tasks of file set-up and document copying. A rate of $95 is appropriate under this District's Rules and Guidelines for Determining Attorneys' Fees in Certain Cases. *See* Local Rules, App. B at 3(e) (D. Md. 2009).

Plaintiff's counsel, who was admitted to the bar in December 2002, claims $250 per hour, which she states is her customary charge.[2] Under the Rules and Guidelines for Determining

---

2     She did not file any affidavits as to customary rates in the relevant legal community. *See Xiao-Yu Gu*, 127 F. Supp. 2d at 767; *Thomas v. Cooper Indus., Inc.*, 640 F. Supp. 1374, 138-81 (W.D.N.C. 1986).

Attorney's Fees, she falls in the category of attorneys admitted to the bar for five to eight years, as to whom a range of $165 to $250 is presumptively reasonable. *See id*., App. B at 3(b). In another case in this District, she was awarded fees at an hourly rate of $180, *McClintick v. Leavitt*, BPG-05-2880 (March 5, 2009), and the government suggests that rate is reasonable as "the middle of the range." In fact, the middle of the range would be $207.50, and Ms. McClintick's years of experience place her somewhat above the middle. Accordingly, a rate of $215 per hour will be awarded.

I will also award reasonable costs associated with the litigation. *See Brodziak*, 145 F.3d at 196 ("A court may award, in its discretion, reasonable attorneys' fees and costs to a prevailing plaintiff in an employment discrimination action."). Expert fees are properly requested by plaintiff's counsel under 42 U.S.C. § 2000e-5(k);[3] the government's reliance on the taxation provision in Federal Rule of Civil Procedure 54(d), the court's manual, or *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437 (1987), is misplaced. Accordingly, the requested amount of $2,115 will be awarded, as will the other costs of litigation itemized by plaintiff's counsel: a $350 filing fee, $534.10 in deposition costs, and $633.75 in copying costs, all of which the court finds to be reasonable and necessary to the presentation of the case. *See Thomas*, 640 F. Supp. at 1383.

A separate Order follows.

| May 10, 2010 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

---

[3] 42 U.S.C. § 2000e-5(k) reads in full: In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.